UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SANTANGELO,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA BUSINESS BUREAU, INC.,<br><br>    Defendant.<br>_____<br>MICHAEL C. HOFER and TREVA M. HOFER,<br><br>    Plaintiffs,<br><br>v.<br><br>CALIFORNIA BUSINESS BUREAU, INC., a corporation,<br><br>    Defendant.<br>_____ | Case No. 09cv2691-W (BLM)<br><br>Case No. 10cv1017-LAB (BLM)<br><br>**ORDER IMPOSING SANCTIONS AGAINST FRANKLIN J. LOVE** |

    This order imposes sanctions against Franklin J. Love, attorney for Defendant California Business Bureau, Inc. (Defendant or CBB), for his conduct in the above-referenced cases.

    On July 12, 2010, the Court convened a Mandatory Settlement Conference (MSC) in <u>Santangelo v. California Business Bureau, Inc.</u>, 09cv2691-W (BLM). Mr. Love, counsel for Defendant, brought Tonya Richardson to the MSC as the CBB representative with full

settlement authority, as required by court order.[1]  Ms. Richardson advised the Court that she was the Vice President of Defendant's San Diego office and represented that she had full settlement authority.  However, during the MSC, the Court discovered that Ms. Richardson had limited settlement authority and was unable to consider settlement above a specified amount.  Ms. Richardson and Mr. Love told the Court that they had to contact Mike Sigal, the President of the company, to request settlement authority above the specified amount.  The Court indicated that arrangement did not comply with the Court's order requiring the representative who was present in court to have "full settlement authority."  Later in the conference, Ms. Richardson advised the Court that she had telephoned Mr. Sigal and secured additional settlement authority but, again, only to a specific dollar amount.  The Court again advised Mr. Love that limited authority, that is authority to a specific amount, did not comply with the Court's order and explained that Mr. Sigal was the person with "full settlement authority" as defined in the Court's order.  Because Mr. Love would be representing California Business Bureau in an Early Neutral Evaluation hearing a few days later (Hofer v. California Business Bureau, Inc., 10cv1017-LAB (BLM)), the Court ordered Mr. Love to bring Mr. Sigal to the ENE as the representative for California Business Bureau.

Mr. Love did not bring Mr. Sigal to the Hofer ENE as directed by the Court.  Instead, Mr. Love brought another employee, Sue Perry.  Mr. Love told the Court that Ms. Perry had

---

[1] The order setting the MSC required a party or party representative with "full settlement authority" to attend the conference in person.  Santangelo ECF No. 8.  The order stated that

> '[f]ull settlement authority' means that the individuals at the settlement conference must be authorized to explore settlement options fully and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595-97 (8th Cir. 2001).

Id.  The order explained that the "purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior."  Id.

full settlement authority and that, therefore, he did not believe he was required to bring Mr. Sigal to the <u>Hofer</u> ENE.  Although the Court had not issued an Order To Show Cause Why Sanctions Should Not Be Imposed (OSC) after the <u>Santangelo</u> MSC, the Court did so after the <u>Hofer</u> ENE based upon the second violation of this Court's orders.  <u>Santangelo</u> ECF No. No. 11; <u>Hofer</u> ECF No. 7.

In response to the Court's OSC orders, defense counsel and the identified employees filed declarations and appeared in court for the OSC hearing.  <u>Santangelo</u> ECF No. 13; <u>Hofer</u> ECF No. 9.  Michael Sigal, the President and principal owner of California Business Bureau, Inc., filed a declaration in each case.  <u>Santangelo</u> ECF No. 13-1; <u>Hofer</u> ECF No. 9-1. Attorney Franklin J. Love also filed a declaration in each case.  <u>Santangelo</u> ECF No. 13-3; <u>Hofer</u> ECF No. 9-3.  Tonya Richardson, the Vice-President and Manager of the San Diego office of California Business Bureau, Inc., filed a declaration in the <u>Santangelo</u> case (ECF No. 13-2) and Sue Perry, the Manager or Assistant Manager of Defendant's Legal Department, filed a declaration in the <u>Hofer</u> case (ECF No. 9-2).  The plaintiff in the <u>Santangelo</u> case requested $548.50 in reimbursement costs for the time counsel spent preparing for and attending the settlement conference.  ECF No. 14.  The plaintiff in the <u>Hofer</u> case did not request monetary sanctions.

In her declaration, Ms. Richardson explained that she participated in a June 2, 2010 conference call with CBB employees during which they discussed the pending FDCPA litigation against CBB and decided that "no monies should be paid on Santangelo or the other cases which were all lacking in any merit." ECF No. 13-2 at 2.  Ms. Richardson stated that when Mr. Love suggested during the ENE that an offer of $1,000 be made, her "instant reaction was no since this was contrary to established fact and what had been discussed on June 2nd."  <u>Id.</u> at 3.  She continued, "I then made a quick comment that I would need to contact Mr. Sigal not considering that Mr. Love plays a prominent role in any settlement. My instant reaction was in error, and there is no question had Mr. Santangelo accepted the $1,000.00 offer the case would have settled, but under no circumstances would it settle by paying him any more monies."  <u>Id.</u>  Ms. Richardson's declaration does not mention the fact

that she called Mr. Sigal during the ENE and obtained additional authority. However, during the OSC hearing, Ms. Richardson acknowledged that she had called Mr. Sigal during the MSC and obtained settlement authority up to $5,000. Hofer ECF No. 13 at 4. Ms. Richardson explained that she was "confident he would be okay with [an offer]" but she wanted to let him know out of respect and courtesy and because he "specifically said no settlement." Id. at 3-5. Ms. Richardson confirmed that during the ENE, she and Mr. Love told the Court that the person "who [] make[s] the decisions" is Mr. Sigal. Id. at 5.

In his declaration, Mr. Sigal explained his perception that there has been a dramatic increase in FDCPA litigation, including cases filed against CBB. ECF No. 13-1 at 1-3. Mr. Sigal also recounted the June 2, 2010 meeting and the participants' decision that all of the cases were without merit and no monies should be paid. Id. at 2-3. Mr. Sigal stated that "Tonya Richardson did not need to receive my authorization no matter what settlement was reached by her." Id. at 3. In his declaration, Mr. Sigal did not mention any phone call from Ms. Richardson. However, during the OSC hearing, Mr. Sigal admitted that Ms. Richardson contacted him during the MSC and he increased her settlement authority to $5,000. Hofer ECF No. 13 at 14.

In his declaration, Mr. Love stated that he has "been on retainer with California Business Bureau, Inc. since 2002 for litigation against Debtors with unpaid hospital and medical bills" and has litigated a large number of cases on CBB's behalf. ECF No. 13-3 at 1. Mr. Love opined that Ms. Richardson had full settlement authority and recounted the June 2, 2010 meeting. Id. at 2-3. In addition to complaining about Plaintiff's conduct, Mr. Love addressed his conduct during the ENE. Id. at 3-4. Mr. Love acknowledged suggesting the $1,000 offer and Ms. Richardson's reluctant response. Id at 4. However, Mr. Love explained "[w]hen Ms. Richardson suggested that she needed to call Mr. Sigal and the Court reached a snap decision that she didn't not [sic] have full settlement authority [sic]. I submit that this decision was inaccurate as there is no question that had Mr. Santangelo agreed to accept this offer that the case would have been put on the record and settled and no phone call to Mr. Sigal was necessary." Id. Mr. Love's declaration does not address the

fact that a call was made to Mr. Sigal, nor Ms. Richardson's statement afterwards. Mr. Love's declaration also does not address the Court's statements that Mr. Sigal was the person with the "full authority" as required by the court order, nor the Court's verbal order requiring Mr. Love to bring Mr. Sigal to the Hofer ENE.

During the OSC hearing, Mr. Love explained that they did not need to call Mr. Sigal for authority because if Mr. Sigal refused to pay the $1,000 that Mr. Love had offered to settle the Santangelo case, Mr. Love would have paid the $1,000 out of his own pocket. Hofer ECF No. 13 at 6. Despite the obvious implication that Mr. Sigal was the person with real settlement authority, Mr. Love repeatedly tried to avoid so stating. Id. at 5-13. Mr. Love also repeatedly avoided answering the Court's direct questions regarding what was said during the Santangelo MSC. Id. Mr. Love refused to answer whether the Court ordered him to bring Mr. Sigal to the Hofer ENE as the client representative with full settlement authority. Id. Instead, Mr. Love repeatedly stated and implied that he thought he could bring Mr. Sigal OR any person with settlement authority, even if the Court had verbally ordered him to bring Mr. Sigal, because the original, written order setting the ENE did not require Mr. Sigal to appear. Id. Mr. Love also explained his reluctance to bring Mr. Sigal since Mr. Sigal "has never been to a settlement conference." Id. at 12.

The declarations filed by Mr. Sigal and Mr. Love in the Hofer case mirror much of the information and sentiments set forth in their Santangelo declarations. Mr. Sigal stated that Sue Perry, the client representative, had full settlement authority and did not need his approval to settle the case. Hofer ECF No. 9-1 at 1-4. With regard to the Court's directive regarding who was required to appear on behalf of the company at the Hofer ENE, Mr. Sigal stated that it was his "understanding" that "either I or someone with complete settlement authority to bind CBB was required to be present." Id. at 4. Mr. Sigal does not explain the basis for his "understanding." Mr. Love's declaration repeats verbatim much of the information from his Santangelo declaration but he adds that the Court "reiterated its order and requested that either Mr. Sigal or someone with full authority be present for the Hofer hearing." Hofer ECF No. 9-3 at 1-4. Mr. Love does not provide any additional facts,

choosing instead to complain about the Plaintiff's alleged failures. Id. at 4. Ms. Perry's declaration sets forth her experience in settling cases on behalf of CBB and states that she had full authority to settle the case without seeking approval from any other person. Hofer ECF No. 9-2. During the OSC hearing, Mr. Sigal stated that if he had known that the Court ordered him to attend the Hofer ENE, he would have attended the ENE. Hofer ECF No. 13 at 14.

Courts "unquestionably" possess the inherent power to assess sanctions for the "willful disobedience of a court order." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59 (1975); Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). Further, this District's Local Rules of Practice dictate that a party's "failure to comply with … any order of the court may be ground for imposition by the court of … monetary sanctions or attorney's fees and costs." CivLR 83.1.

An award of sanctions must be "reasonable," and when it "is based upon attorney's fees and related expenses, an essential part of determining the reasonableness of the award is determining the reasonableness of the claimed fees." Matter of Yagman, 796 F.2d 1165, 1184-85 (9th Cir. 1986). Sanctions are not determined by the "actual expenses and fees but those the court determines to be reasonable." Id. at 1185. The award must be "quantifiable with some precision and properly itemized in terms of the perceived misconduct and the sanctioning authority." Id. at 1185.

It is undisputed that the Court's written order required the Defendant's representative to have full settlement authority. Santangelo ECF No. 8. The order stated that "[a] limited or a sum certain of authority is not adequate." Id. Ms. Richardson did not have the requisite "full settlement authority." She had limited settlement authority, that is, authority to a minimal, specific amount. When the Court advised defense counsel that Ms. Richardson's limited authority did not comply with the Court's order, Mr. Love refused to acknowledge that Ms. Richardson's authority was impermissibly limited. However, the record clearly establishes that Ms. Richardson's initial authority was limited, that she had to telephone the real decision-maker (Mr. Sigal) to obtain additional authority, that she

1 made such a phone call, and that Mr. Sigal gave her additional, but still limited or "sum
2 certain," settlement authority. The Court therefore finds that Defendant and defense
3 counsel did not comply with the Court's order in the <u>Santangelo</u> MSC.

4         The Court also finds that Mr. Love intentionally disobeyed the Court's verbal order
5 to bring Mr. Sigal to the <u>Hofer</u> ENE. The Court explicitly told Mr. Love to bring Mr. Sigal to
6 the ENE. While Mr. Love repeatedly avoided answering the Court's direct questions about
7 whether the Court ordered him to bring Mr. Sigal to the <u>Hofer</u> ENE, Mr. Love impliedly
8 acknowledged that the Court had issued such an order. <u>Hofer</u> ECF No. 13 at 7-13, 9 ("I
9 understood that you wanted Mr. Sigal or, as your order directs, someone with settlement
10 authority."). The Court finds, based on a totality of the circumstances, that the Court
11 verbally ordered Mr. Love to bring Mr. Sigal to the <u>Hofer</u> ENE, that Mr. Love heard and
12 understood that verbal order, and that Mr. Love chose to ignore the Court's verbal order
13 and bring a representative other than Mr. Sigal.[2]

14         For the reasons set forth above, the Court finds that Mr. Love knew he was required
15 to bring a client representative with "full settlement authority" to the <u>Santangelo</u> MSC and
16 he failed to do so and knew the Court verbally ordered him to bring Mr. Sigal to the <u>Hofer</u>
17 ENE and he failed to do so. The Court therefore finds that Mr. Love knowingly and
18 intentionally violated the Court's written and verbal orders and sanctions him $500.00. The
19 Court declines to impose sanctions against Mr. Sigal, Ms. Richardson, and Ms. Perry
20 because it is not clear that any of them knowingly violated the Court's orders. The Court
21 also declines to order that the sanction be paid to counsel in the <u>Santangelo</u> case because
22 Mr. Love's improper conduct is unrelated to the work performed by Plaintiff's counsel.[3] Mr.

---

24     [2]Mr. Love's decision and conduct is in direct contrast to that of Mr. Sigal. During the OSC hearing, Mr.
25 Sigal stated that he would have attended the Hofer ENE if he had known that the Court had ordered him to do so and apologized to the Court "for any inconvenience and misunderstanding." <u>Hofer</u> ECF No. 13 at 14.

26     [3]In his declaration, Plaintiff's counsel requests $548.50 for the time counsel spent preparing for and
27 attending the settlement conference. <u>Santangelo</u> ECF No. 14. Mr. Love's failure to bring a representative with the requisite "full settlement authority" is not the reason the <u>Santangelo</u> case did not settle. The same is true,
28 obviously, for Mr. Love's failure to bring Mr. Sigal to the <u>Hofer</u> ENE. As a result, it would be inappropriate to award Mr. Love's monetary sanction to Santangelo's counsel.

Love must pay the sanction to the Clerk of the Court, United States District Court, Southern District of California on or before **December 10, 2010**.  In addition, Mr. Love must file a Notice of Payment in both cases on or before December 15, 2010 verifying that the sanction has been paid.

**IT IS SO ORDERED.**

DATED:  November 30, 2010

*[signature: Barbara L. Major]*

BARBARA L. MAJOR
United States Magistrate Judge